UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| FRESNIUS MEDICAL CARE HOLDINGS, INC., d/b/a FRESNIUS MEDICAL CARE NORTH AMERICA, ET AL | ) ) ) ) ) | NO. 2:11-CV-4 |
| V. | ) ) ) | |
| WELLMONT HEALTH SYSTEM, INC., ET AL | ) ) | |

# MEMORANDUM OPINION AND ORDER

This matter is brought for alleged violations of section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 United States Code § 1132(a)(1)(B) (2009), and various pendent state law claims. Pending before the Court is the motion of MCA Administrators, Inc. (hereinafter referred to as "defendant") to dismiss the plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [Doc. 14]. The plaintiffs' have responded to the motion. For the reasons which follow, the Motion of Defendant, MCA Administrators, Inc., to Dismiss plaintiffs' Complaint will be **GRANTED.**

Plaintiffs allege in their Complaint that they are entitled to receive certain benefits pursuant to assignment of benefits agreements executed by various plan participants. Plaintiffs further allege that such benefits were denied, and the defendant

was substantially involved in the denial of said benefits. Plaintiffs attached to their Complaint as exhibits a copy of the Plan Information, [Att. 8], and a letter from Wellmont Health Systems denying the plaintiffs' appeal and determination of benefits, [Att. 7]. The Plan Information references the defendant as the plan's third-party administrator. The final denial letter references the defendant as the claims administrator. The letter indicates that the defendant participated in an analysis of the plaintiffs' claim for benefits and "[a]fter review of that analysis and discussions with MCA, the Plan elected not to pay . . . ." The letter further indicates that the Senior Vice President of Human Resources for Wellmont Health System reviewed the claims adjudication process and found the process was properly conducted.

## I. Rule 12(b)(6) Standard of Review

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual

allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," id. at 570; *see also Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This Court need not "accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 129 S.Ct. at 1949.

Moreover, a plaintiff is not entitled to utilize the discovery process once a complaint has been filed to obtain the factual information requisite to state a claim with facial plausibility, "even when the information needed to establish a claim . . . is solely within the purview of the defendant or a third party." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 10-5100, 2011 WL 2448909 (6th Cir. June, 21, 2011) (*quoting Iqbal*, 129 S.Ct. at 1954)). However, this Court may consider documents central to the plaintiffs' claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. Pendent State Law Claims

The defendant's motion to dismiss requests this Court dismiss the breach of contract, fraud and promissory fraud claims alleged in the Complaint for failure to state a claim upon which relief may be granted. The plaintiffs' Response in Opposition to the Motion to Dismiss states that the plaintiffs' do not allege these claims against the defendant and, as such, the defendant's motion is rendered moot as to the pendent state law claims.

### IV. ERISA Benefits Claim

Title 29 United States Code section 1132(a)(1)(B) allows a participant or beneficiary of a qualified ERISA employee welfare benefit plan to bring a cause of action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan. Such cause of action may be brought against the plan itself or any other party that is "shown to control administration of the plan."[1] *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988), *cert. denied*, 488 U.S. 826 (1988). Under ERISA,

---

[1] In defendant's Brief, [Doc. 15], and in plaintiffs' Response in Opposition, [Doc. 26], both parties acknowledge that there is a split among the circuits regarding the proper party defendants to an ERISA claim for benefits. However, this Court is bound by well-established Sixth Circuit precedent providing for a cause of action against *any* party found to exercise discretionary authority or control over administration of the plan, not just the plan itself or the plan administrator. *See Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988); *see also Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006) (dismissing plan administrator as proper party defendant because plan administrator did not exercise discretionary control over claim for benefits.)

a party who "exercises discretionary authority or discretionary control" respecting the management of the plan or disposition of its assets or "has any discretionary authority or discretionary responsibility in the administration" of the plan is a fiduciary. 29 U.S.C. § 1002(21)(A). This definition is broad and "does not turn upon formal designations." *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999). Thus, a party who exercises discretionary control or authority over the plan is a fiduciary irrespective of any formal designation as such. *Mich. Affiliated Healthcare Sys., Inc. v. CC Sys. Corp. of Mich.*, 139 F.3d 546, 549 (6th Cir. 1998). A plaintiff must "set forth particularized allegations" in its complaint to support the conclusion that a party is a fiduciary for ERISA purposes. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 522-23 (6th Cir. 2010), *cert. denied,* 131 S. Ct. 220 (2010) (*citing D'Amato v. Corporate Consulting, Inc.*, No. 94-3218, 1995 WL 510041, at *2 (6th Cir. Aug. 28, 1995)).

Plaintiffs' Complaint concedes that MCA is not the plan administrator. As such, for MCA to be a proper party defendant to the instant action, MCA must have fiduciary status under ERISA. Nowhere in the Complaint do plaintiffs allege that MCA has fiduciary status nor do plaintiffs allege that MCA had discretionary authority or control over administration of the plan requisite to confer fiduciary status

upon MCA.[2] Plaintiffs' allegations as to MCA consist of statements contained within two paragraphs of the Complaint which provide that MCA served as Wellmont's Third -Party Claims Administrator and that MCA was substantially involved in the denial of benefits claims under the plan.[3] These statements are merely conclusory allegations devoid of any particularized factual allegations necessary to support the conclusion that MCA is a fiduciary under ERISA. Because the plaintiff has failed to plead factual content sufficient to draw a reasonable inference that MCA was a fiduciary under ERISA, MCA is not a proper party defendant to the instant action.

## V. Conclusion

For the reasons set forth herein, the motion to dismiss filed by the defendant, MCA, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, [Doc. 14], is **GRANTED.** As such, the plaintiffs' claims against MCA are hereby **DISMISSED**.

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff specifically alleges in paragraph 12 of the complaint [Doc. 1] that defendant, Wellmont, is "plan administrator and plan supervisor and, as such, is a fiduciary under ERISA."

[3] Plaintiff attached the Plan Information and a letter denying benefits as exhibits to the Complaint, [Doc. 1, Atts. 8 and 7], both of which reference MCA. Those documents indicate MCA's role as Third-Party Administrator.